UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

|  |  |
|---|---|
| KEVIN J. GAFFNEY, in his official capacity as COMMISSIONER OF THE VERMONT DEPARTMENT OF FINANCIAL REGULATION, as LIQUIDATOR of GLOBAL HAWK INSURANCE COMPANY RISK RETENTION GROUP,<br><br>        Plaintiff,<br><br>  v.<br><br>JASBIR S. THANDI, GLOBAL CENTURY INSURANCE BROKERS, INC., JASPREET SINGH PADDA and QUANTBRIDGE CAPITAL LLC,<br><br>        Defendants. | Case No.: 2-20-cv-173 |

**AFFIDAVIT OF ERIC A. SMITH**

I, Eric A. Smith, hereby state as follows:

1.      I am an attorney at law admitted *pro hac vice* to practice before this Court in this action.  I am one of the counsel of record for Plaintiff, Commissioner of the Vermont Department of Financial Regulation, as Liquidator ("Liquidator") of Global Hawk Insurance Company Risk Retention Group ("Global Hawk").  I make this declaration in support of the Liquidator's filing in support of damages to be awarded in default judgment against defendant Jasbir S. Thandi ("Thandi").

2.      On June 22, 2021, the Liquidator served a subpoena duces tecum on Bank of the West requiring it to produce documents and records relating to accounts held by Global Century Insurance Brokers, Inc. ("GCIB").

1

3.     Bank of the West responded on July 26, 2021 and produced signature cards, statements, and wires relating to the GCIB accounts. A true and correct copy of the affidavit provided by the Custodian of Records for Bank of the West is attached hereto as Exhibit A.

4.     On June 11, 2021, the Liquidator served a subpoena duces tecum on Mechanics Bank requiring it to produce documents and records relating to accounts held by Global Hawk.

5.     Mechanics Bank responded on July 12, 2021 and produced signature cards, statements, checks, deposits, withdrawals, transfers, debit memos, and wires relating to the Global Hawk accounts. A true and correct copy of the affidavit provided by the Custodian of Records for Mechanics Bank is attached hereto as Exhibit B.

6.     On June 11, 2021, the Liquidator served a subpoena duces tecum on Western Alliance requiring it to produce documents and records relating to accounts held by Global Hawk.

7.     Western Alliance responded on July 16, 2021 and produced statements, checks, and deposits relating to the Global Hawk accounts. A true and correct copy of the affidavit provided by the Custodian for Records of Western Alliance is attached hereto as Exhibit C.

8.     On June 11, 2021, the Liquidator served a subpoena duces tecum on Stifel Nicolaus & Company ("Stifel") requiring it to produce documents and records relating to accounts held by Global Hawk.

9.     Stifel responded on July 16, 2021 and produced documents, statements, and wires relating to the Global Hawk accounts. A true and correct copy of the affidavit provided by the Custodian of Records for Stifel is attached hereto as Exhibit D.

2

10.    Stifel supplemented its original response on August 26, 2021 and produced e-mails and communications relating to the Global Hawk accounts.  A true and correct copy of the affidavit provided by the Custodian of Records for Stifel is attached hereto as Exhibit E.

11.    On April 30, 2021, Stephen Brown, the former captive manager of Global Hawk, provided the Liquidator with a spreadsheet of policies issued and premiums collected for 2016-2020 (the "Gross Written Premium Spreadsheet") that he compiled from monthly reports that he received from GCIB.  A true and correct copy of the affidavit executed by Stephen Brown regarding the Gross Written Premium Spreadsheet is attached hereto as Exhibit F.

12.    On July 11, 2022, the Liquidator requested that Agile Premium Finance Company ("Agile"), which had filed a proof of claim concerning premium financing for Global Hawk insureds, provide a list of all Global Hawk insureds with outstanding balances as well as copies of the premium finance agreements for each Global Hawk insured.

13.    Agile provided a spreadsheet of Global Hawk insureds with outstanding balances on July 20, 2022 and copies of premium finance agreements on July 25, 2022.

14.    On July 10, 2020, the Liquidator requested that the Federal Motor Carrier Safety Administration ("FMCSA") provide a list of all motor carriers that identified Global Hawk as an insurer from 2017 to 2020.

15.    The FMCSA responded on August 13, 2020 and provided a list of motor carriers in its database reporting Global Hawk as an insurer from 2017 to 2020.

16.    On July 14, 2020, the Liquidator requested that Western Alliance Bancorporation ("Western Alliance") provide wire instructions for transfers to and from Bridge Bank account no. ***0831, an account held by Global Hawk.  Bridge Bank is a division of Western Alliance.

17.     Western Alliance responded on July 28, 2020 and provided wire instructions for Bridge Bank account no. ***0831 from 2017 to 2020 by secure e-mail.

18.     On February 8, 2022, the Liquidator filed his Third Status Report regarding the liquidation of Global Hawk in the Vermont Superior Court for Washington County (Docket No. 196-5-20 Wncv).  A true and correct copy of the Third Status Report is attached here as Exhibit G.

19.     The documents described in paragraphs 3, 5, 7, 9, 10, 11, 13, 15, and 17 (other than affidavits) were provided to the Plaintiff's expert accountant, Edward W. Buttner IV.

20.     The Liquidator has received payments totaling $55,000 in settlement from the other two defendants in this matter.


I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


Executed on August 24, 2022.

Eric A. Smith

4